# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BECKLEY DIVISION

UNITED STATES OF AMERCA,

    **Plaintiff,**

vs().                                    CASE NOS. 5:25-CR-00110; 2:21-CR-00128

EMMANUEL COVINGTON,

    **Defendant.**

## ORDER

On this day, the parties came before the undersigned for a hearing concerning the ***Defendant's Motion for Reconsideration for Release on Bond*** (ECF No. 26), and the ***United States' Response to Defendant's Motion for Reconsideration for Release on Bond*** (ECF No. 28). For the reasons set forth *infra*, the undersigned **DENIES** the Defendant's ***Motion***:

In criminal action number 5:25-cr-110, on June 24, 2025, a single-count Indictment was returned against the Defendant charging him with knowingly and intentionally distributing five grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1). (ECF No. 1) The Defendant was arraigned before the undersigned on July 8, 2025 and ordered detained. (ECF No. 15) The Defendant was remanded to the custody of the United States Marshals pending trial in this matter. Prior to the return of this recent Indictment, the Defendant was under supervision of the United States Probation Office following the Defendant's conviction of the single-count Indictment in criminal action number 2:21-cr-128: violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), that being possession of a firearm by a felon. (See, e.g., ECF Nos. 1, 37, 52, 66) By Order entered on July 28, 2025, United States District Judge Irene C. Berger has ordered that the

1

Defendant's revocation proceedings in the prior action held in abeyance pending the outcome of the more recent criminal action. (See ECF No. 77)

As noted *supra*, on August 28, 2025, the Defendant filed the instant Motion, and on August 29, 2025, the Government filed its response in opposition. Accordingly, after having heard the arguments of the parties, in addition to the completion of the home inspection provided by the United States Probation, this matter is ripe for decision.

## Discussion

In his Motion, the Defendant asks the Court to reconsider his release on bond, to reside with his girlfriend in Charleston, West Virginia, as there has been a significant change in his medical condition: he has been experiencing disruptions in his sleep at night because he frequently stops breathing due to sleep apnea, which he has had since he was a child. He relies on his pod mates to wake him up so that he can start breathing again. He has not been provided with a breathing machine while incarcerated, he has only been provided Robitussin tablets to treat this condition, and he has not even been evaluated by a pulmonologist in order to obtain a sleep apnea diagnosis. The Defendant claims that this problem began shortly after his detention and the lack of appropriate medical treatment demonstrates sufficient grounds for reconsideration for release on bond.

In response, the Government points out that pursuant to 18 U.S.C. § 3142(f)(2), there is a question as to whether the Defendant's reported medical issue is newly discovered or emergent – in short, from the Defendant's own claims, he had been diagnosed with sleep apnea as a child but there is no proof he had concerns over this condition until his most recent incarceration. In any event, the Defendant's underlying conduct is troublesome: he has recently been indicted for trafficking 27.8 grams of methamphetamine while under supervision; he was arrested in June 2025

for multiple drug trafficking offenses in Kanawha County, West Virginia which remain unresolved; and he has a criminal history with connections to Maryland and North Carolina, which includes non-appearance for court proceedings, as well as domestic violence. The harm to the community at large this Defendant poses belies reconsideration of his detention.

Decision

18 U.S.C. § 3142(f)(2)(B) provides:

> "The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

The undersigned notes that the home inspection report had been completed prior to the final hearing in this matter, and that the Defendant's proposed residence has passed inspection. The Defendant intends to obtain employment if released in order to contribute to household expenses. Moreover, the Defendant argues that upon release, his sleep apnea evaluation and thereby appropriate treatment for same will be facilitated, but if he remains in custody, his situation will not be addressed. The Government contends that the Defendant could have addressed his sleep apnea when he was not in custody, and also this alleged medical issue is not new; further, this medical condition is not emergent, however, the jail is working to have the issue addressed.

Upon review of the Defendant's criminal record, the undersigned observes that it is lengthy, that involves serious offenses; moreover, the Defendant has a history of failing to appear for court or with complying with the terms and conditions of supervised release. In addition to having reviewed the Defendant's Motion, while the Court is not convinced the Defendant's sleep apnea is a new condition having a material bearing on the issue whether there are conditions of

release that will reasonably assure his appearance as required, the Court does **FIND** that the Defendant's history, including the present felony offense charged against him, underscores that there are no conditions that will reasonably assure the safety of the community and others should the Defendant be released from detention. Therefore, the Court does hereby **DENY** the ***Defendant's Motion for Reconsideration for Release on Bond*** (ECF No. 26).

In accordance with Rule 59(a) of the Federal Rules of Criminal Procedure, the ruling set forth above on the non-dispositive motions may be contested by filing, within 14 days, objections to this Order with District Judge Frank W. Volk. If objections are filed, the District Judge will consider the objections and modify or set aside any portion of the Order found clearly to be erroneous or contrary to law.

The Clerk is directed to send a copy of this Order to the Defendant, Counsel for the Defendant, the Assistant United States Attorney, the United States Marshal, and the United States Probation Office.

ENTER: September 9, 2025.



Omar J. Aboulhosn
United States Magistrate Judge