**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY**

UNITED STATES OF AMERICA

v.                                                    CRIMINAL ACTION NO. 5:25-cr-00110

EMMANUEL COVINGTON

**<u>MEMORANDUM OPINION AND ORDER</u>**

Pending are Defendant Emmanuel Covington's objections to the Presentence Investigation Report ("PSR"). Mr. Covington objects to the PSR's computation of his criminal history points in Paragraphs 43, 44, 45, and 46 of the Presentence Investigation Report ("PSR") inasmuch as he urges he should receive six total criminal history points rather than eight. Additionally, Mr. Covington objects to the resulting criminal history category of IV reflected in Paragraphs 77 and 118 inasmuch as he urges his criminal history category should be calculated as III rather than IV based upon six rather than eight criminal history points.

**I.**

On June 20, 2020, Mr. Covington possessed a firearm despite being a prohibited person. [PSR ¶ 43]; *see also United States of America v. Covington*, Crim. Action No. 2:21-cr-128-1. On October 28, 2021, he pled guilty, and on April 14, 2022, he was sentenced to six months of incarceration followed by three years of supervised release. [PSR ¶ 43]; *see also United States of America v. Covington*, Crim. Action No. 2:21-cr-128-1, ECF 35–36; ECF 50. On November 14, 2022, he commenced his term of supervised release. [PSR ¶ 43]. When Mr. Covington committed the instant offense, [*see* ECF 1], he was still serving his term of supervised release in Criminal

Action No. 2:21-cr-128-1. Accordingly, on July 16, 2025, a Petition for Warrant or Summons for Offender Under Supervision was filed against Mr. Covington alleging he violated various conditions of supervision. The alleged violations resulted from the conditions that he (1) "not commit another federal, state or local crime," (2) "not unlawfully possess a controlled substance," and (3) "notify the probation officer within 72 hours" if arrested or questioned by a law enforcement officer. *See United States of America v. Covington*, Crim. Action No. 2:21-cr-128-1, ECF 64. On January 1, 2026, at his revocation hearing, Mr. Covington's supervised release was revoked and he was sentenced to 18 months of imprisonment with no supervision to follow, *id.*, ECF 91. [PSR ¶ 43].

On June 24, 2025, a single-count Indictment was returned against Mr. Covington in the instant case, charging him with distribution of five grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). The conduct forming the basis of the instant offense includes five controlled buys by a confidential informant ("CI"), namely, on April 16, April 30, May 6, May 22, and June 4, 2025. On November 20, 2025, Mr. Covington pled guilty and stands convicted. A sentencing hearing was scheduled for March 11, 2026, but the Court continued the hearing pending supplemental briefing on Mr. Covington's criminal history-related objections.

Specifically, he contests the three criminal history points attributed to his 2021 conviction for possessing a firearm as a prohibited person in paragraph 43 of the Presentence Investigation Report ("PSR"). [ECF 54 at 1–2, 4–5; ECF 57 at 1]. As a result, he further objects to the PSR's computation of his criminal history points in paragraphs 44, 45, and 46 of the PSR. Paragraph 44 reflects that his "criminal convictions . . . result in a subtotal criminal history score of seven," paragraph 45 applies an additional point pursuant to U.S.S.G. § 4A1.1(e) inasmuch as

2

he "has seven criminal history points[] and . . . committed the instant offense while under a criminal justice sentence," and paragraph 46 reflects his total criminal history score as eight and his criminal history category as IV. [PSR ¶ 44–46]. Mr. Covington asserts he should receive six criminal history points rather than eight. [ECF 54 at 1–2, 4–5]. Additionally, Mr. Covington objects to the resulting criminal history category of IV reflected in Paragraphs 77 and 118 inasmuch as he urges his criminal history category should be calculated as III rather than IV. [*Id.* at 2].

## II.

### A.    *Governing Standard*

In computing a defendant's Criminal History Category, United States Sentencing Guidelines ("Guidelines") § 4A1.1 provides three points are added "for each prior sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.1(a). Whereas § 4A1.1(a) states two points are added "for each prior sentence of imprisonment of at least sixty days not counted in subsection (a)." U.S.S.G. § 4A1.1(b). But "[i]n the case of a prior revocation of probation, parole, supervised release, special parole, or mandatory release, add the original term of imprisonment to any term of imprisonment imposed upon revocation. The resulting total is used to compute the criminal history points for § 4A1.1(a), (b), or (c), as applicable." U.S.S.G. § 4A1.2(k)(1).

"Prior sentence" is defined in the Guideline text as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, *for conduct not part of the instant offense*." U.S.S.G. § 4A1.2(a)(1) (emphasis added). The commentary to § 4A1.2 further provides as follows: "[a] sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense. Conduct that

3

is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of § 1B1.3 (Relevant Conduct)." U.S.S.G. § 4A1.2 cmt. n.1.

Section 4A1.1(e) further directs one point is added "if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(e).

**B.    *Argument and Analysis***

Mr. Covington contends the additional 18 months imposed upon his revocation of supervised release is not a "prior sentence of imprisonment" for which criminal history points can attach pursuant to § 4A1.1. Specifically, he asserts the 18-month revocation sentence resulted from conduct that is "part of the instant offense" because it "would be relevant conduct to the instant offense under U.S.S.G. § 1B1.3." [ECF 54 at 1–2; *see also* ECF 57 at 1 (quoting U.S.S.G. § 4A1.2 cmt. n.1)]. Mr. Covington thus asserts two points pursuant to § 4A1.1(b), rather than three points pursuant to § 4A1.1(a), should be assessed upon his 2021 conviction for possessing a firearm as a prohibited person reflected in paragraph 43 of the PSR. [ECF 54 at 1–2; ECF 57 at 1].

The Government urges *United States v. Woodrup*, 86 F.3d 359, 361–63 (4th Cir. 1996), forecloses Mr. Covington's argument. [*See* ECF 58 at 4]. In *Woodrup*, the United States Court of Appeals for the Fourth Circuit determined the "Double Jeopardy Clause does not prohibit the government from criminally prosecuting and punishing an offense which [previously] formed the basis for revocation of a term of supervised release," *id.* at 363, inasmuch as a "sentence imposed upon revocation of a term of supervised release is an authorized part of the original sentence" and intended to sanction the breach of the court's trust rather than the criminal offense forming the basis of the revocation. *Id.* at 361 (highlighting that the punishment for any new

4

criminal conduct is determined by the court responsible for imposing the sentence for that offense).

First, Mr. Covington's argument is, in part, premised upon application of § 4A1.2 cmt. n.1. The parties have not, however, addressed the appropriate analysis in determining whether to defer to the Guidelines' commentary. *See United States v. Boler*, 115 F.4th 316, 322 (4th Cir. 2024) (cleaned up) ("When deciding whether to defer to the Guidelines' commentary, [courts] apply the framework set forth in *Kisor v. Wilkie*, 588 U.S. 558 (2019)."); *United States v. Mitchell*, 120 F.4th 1233, 1240 (4th Cir. 2024) (quoting *Boler*, 115 F.4th at 323, 327–28) (cleaned up) (directing courts to first determine "whether [the relevant Guideline] is genuinely ambiguous," then "consider whether the commentary's relevant definition falls within the zone of ambiguity such that it should be given deference," before finally considering "whether the commentary's character and context entitle[] it to controlling weight"); *United States v. Hodges*, 171 F.4th 291, 296 (4th Cir. 2026) (cleaned up) ("If the Guideline is not genuinely ambiguous, however, [courts] cannot defer to the commentary.").

Despite this infirmity, the Court need not conduct the prescribed analysis to resolve Mr. Covington's argument. The contention may instead be dispatched by resolving a threshold question answered by six United States Circuit Courts of Appeal and our Court of Appeals -- albeit in an unpublished opinion.

In *United States v. Thomas*, while serving two probationary terms in state court, the defendant committed criminal conduct resulting in a federal indictment. 729 F. App'x 246, 248 (4th Cir. 2018). Following his federal arrest, the state court revoked his probation "and reinvigorated the suspended sentences." *Id.* At his federal sentencing, the defendant was assigned two criminal history points for each of the sentences. *Id.* On appeal, the defendant contended his "revocation sentences [did] . . . not qualify as 'prior sentences,' as that term is used in the

5

Guidelines, because they penalized conduct that was part of the instant offense." *Id.* (citation omitted). The defendant made the same argument premised on § 4A1.2 cmt. n.1 that Mr. Covington makes. *See id.* at 248–49 ("A sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense." (quoting U.S.S.G. § 4A1.2 cmt. n.1) (U.S. Sent'g Comm'n 2016)); *see also* U.S.S.G. § 4A1.2 cmt. n.1 ("Conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of §1B1.3 (Relevant Conduct)."). Our Court of Appeals rejected this argument based on the threshold question, without reliance on the Guidelines commentary. It reasoned "a sentence imposed upon the revocation of a probationary term punishes the offense underlying the probationary sentence— not the conduct that violated the probation." *Thomas*, 729 F. App'x at 248. Accordingly, our Court of Appeals concluded the revocation sentences were properly scored. *Id.*

Of the six other circuit courts of appeal to address the issue, five have concluded criminal history points could be assessed following revocations where the revocation-triggering conduct constituted the federal offense of conviction. *See United States v. Franklin*, 148 F.3d 451, 461 (5th Cir. 1998) ("We are not convinced that the federal offense conduct and the conduct resulting in the probation revocation are the same. [The defendant's] probation was revoked for violating the conditions of his probation, not for his instant conviction[.]"); *United States v. Wheeler*, 330 F.3d 407, 412–13 (6th Cir. 2003) (concluding the district court "properly included the post-revocation sanction in calculating the criminal history points applicable to Defendant's prior sentence" inasmuch as "revocation proceedings and independent criminal prosecutions serve entirely different purposes"); *United States v. Dozier*, 555 F.3d 1136, 1141 (10th Cir. 2009) (concluding where revocation is "based on the same conduct forming the basis of a federal offense,

the imposition of the original sentence is attributable to the original act of conviction, not the act underlying the revocation. [So] . . . the revocation of [defendant's] probation was not part of the 'instant offense' and the court properly considered it in determining [defendant's] criminal history"); *United States v. Heath*, 624 F.3d 884, 887–88 (8th Cir. 2010) (concluding "assessing criminal history points for a prison sentence arising from the revocation of probation and imposition of a term of imprisonment based on the instant offense conduct is permissible . . . [and] does not constitute double counting"); *United States v. Rivera-Berrios*, 902 F.3d 20, 26 (1st Cir. 2018) ("We hold, therefore, that a sentencing court may assess criminal history points for a prison sentence imposed following revocation of probation, notwithstanding that the revocation-triggering conduct also constitutes the gravamen of the federal offense of conviction."). *But see United States v. Loudon*, 385 F.3d 795, 800 (2d Cir. 2004) (acknowledging defendant's prior supervised release "violation involved some of the same conduct . . . [meaning] the resultant sentence . . . reflect[ed] conduct that is part of the instant offense and cannot be used in calculating the Criminal History Category").

Against the backdrop of *Woodrup* and guided by the foregoing persuasive authority, the objection is meritless. Inasmuch as the "sentence imposed upon revocation of [Mr. Covington's] term of supervised release is an authorized part of the original sentence," intended to sanction the breach of the court's trust rather than the criminal offense forming the basis of the revocation, *Woodrup*, 86 F.3d 359 at 361, the revocation sentence is not part of the "instant offense," *see* U.S.S.G. § 4A1.2(a)(1); *see also Thomas*, 729 F. App'x at 248; *Franklin*, 148 F.3d at 461; *Wheeler*, 330 F.3d at 412–13; *Dozier*, 555 F.3d at 1141; *Heath*, 624 F.3d at 887–88; *Rivera-Berrios*, 902 F.3d at 26. Accordingly, the PSR appropriately attributed three rather than two criminal history points for the "resulting total" term of imprisonment in paragraph 43. U.S.S.G. §

7

4A1.2(k)(1). Likewise, the PSR appropriately calculated Mr. Covington's total criminal history score as eight and his criminal history category as IV. Accordingly, Mr. Covington's objections to paragraphs 43, 44, 45, 46, 77, and 118 are **OVERRULED**.[1]

### III.

Based on the foregoing discussion, the Court **OVERRULES** Mr. Covington's criminal history point-related objections and **FINDS** that the PSR's computation of his criminal history score and criminal history category are appropriate.

The Clerk is directed to send a copy of this written opinion and order to the Defendant and his counsel, to the United States Attorney, to the United States Probation Office, and to the United States Marshal.

ENTER:  May 26, 2026

Frank W. Volk
Chief United States District Judge

---

[1] To the extent Mr. Covington seeks herein a wholly or partially concurrent sentence to the 18-month revocation term, or a variance on the same grounds pursuant to Guidelines § 4A1.2(a)(2), he may renew the requests at sentencing. [ECF 57 at 9].